IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| ARIELLE MBARGA NDZIE, | * |
| Plaintiff, | * |
| v. | *  Civil No. SAG-25-1384 |
| DREYER'S GRAND ICE CREAM, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Plaintiff Arielle Mbarga Ndzie, who is self-represented, filed this lawsuit against her former employer, Defendant Dreyer's Grand Ice Cream, Inc. ("DGIC"). ECF 1.[1] DGIC has filed a motion to dismiss the Complaint as untimely. ECF 20. Plaintiff filed an opposition, ECF 22, and DGIC filed a reply, ECF 23. This Court has reviewed the briefing, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, DGIC's motion to dismiss will be GRANTED and Plaintiff's Complaint will be dismissed with prejudice.

I.   FACTUAL BACKGROUND

Plaintiff filed a charge of discrimination with the EEOC on February 15, 2024. ECF 20-2, which alleged the following facts: In April, 2023, one of her supervisors, Gulrez Arshman, asked

---

[1] Plaintiff thereafter filed a "supplement" to her Complaint which appears to be an Amended Complaint referencing the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. 2000e(k). ECF 5. It is unclear which version (the Complaint or the "Supplement") was served on DGIC. Regardless, Plaintiff's EEOC charge does not mention pregnancy discrimination, only discrimination on the basis of national origin and sex. ECF 20-2 at 2. Because the PDA is codified as part of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq*, and because the PDA specifies that Title VII's prohibition against sex discrimination applies to discrimination "because of or on the basis of pregnancy, childbirth, or related medical conditions," this Court need not separately address the issue of whether Plaintiff's EEOC charge stated a separate pregnancy discrimination claim.

her what she was chewing. ECF 20-2 at 3. When she responded that she was not chewing anything, Arshman forcibly searched her mouth and pants pocket without consent. *Id.* In June, 2023, Arshman told Plaintiff and three other employees whom he suspected were French Cameroonian that they were marginalizing English-speaking Cameroonians. *Id.* He said that the "only Cameroonian he can stand" is an English-speaking Cameroonian, Patience Ngum. *Id.*

On another occasion in June, 2023, Arshman said to Plaintiff, "Cameroonian, I will teach you the meaning of karma," but claimed it was a joke. *Id.* A few days later, he accused Plaintiff of not allowing an employee to go on break. *Id.* He again said he would teach her about karma and stated that he was going to get her fired because she was not from the English-speaking part of Cameroon. *Id.*

In June, 2023, Plaintiff applied for the "lead position." *Id.* Arshman asked her why she was applying, and she explained that she was very qualified. *Id.* Plaintiff did not receive an interview for the position, and it was awarded to a Ghanaian employee who was "less qualified." *Id.*

Plaintiff was pregnant during this time and was experiencing a lot of stress. *Id.* The day that Arshman accused Plaintiff of not allowing an employee to go on break, she started bleeding and experiencing miscarriage symptoms. *Id.* She went home and eventually suffered a miscarriage. *Id.* She took time off from work, during which she received calls from colleagues stating that Arshman had told them he had Plaintiff fired. *Id.*

When Plaintiff returned to work, Human Resources told her she had not been fired. *Id.* Two weeks later, however, at the end of July, 2023, Arshman told Plaintiff she was fired and that she should go home. *Id.* Nobody explained the basis for the termination to Plaintiff. *Id.*

Plaintiff's EEOC charge, after summarizing those facts, alleged discrimination based on national origin and sex. ECF 20-2. During her administrative proceedings, Plaintiff was

2

represented by an attorney, Alex Razazi, Esq. *See* ECF 20-3. On January 27, 2025, at 11:09 a.m., the EEOC emailed a Right-to-Sue notice to both Plaintiff and Mr. Razazi (as well as DGIC). ECF 20-4. Plaintiff specifically conceded, in her Complaint, that she received her notice of right to sue on January 27, 2025. ECF 1 at 6. The Right-to-Sue Notice advised Plaintiff that any Title VII lawsuit "**must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." ECF 20-4 (emphasis in original). Ninety days from January 27, 2025 is April 27, 2025.

Plaintiff filed her Complaint in this case several days late, on May 1, 2025. ECF 1.

## II.     ANALYSIS

Title VII discrimination claims must be filed within 90 days of receipt of a right to sue letter, 42 U.S.C. § 2000e–5(f)(1), and that deadline is strictly enforced. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam); *see also Moulden v. Tangherlini*, No. RDB-14-3506, 2015 WL 8757609, at *2 (D. Md. Dec. 15, 2015) ("Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*."); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (describing that a complaint filed ninety-one days after receipt of notice was untimely). While equitable tolling can be available, it applies "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'" *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, the complainant has been induced or tricked . . . into allowing the filing deadline to pass. In the second, 'extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time.'" (citations omitted)).

Plaintiff does not allege any type of inducement or trickery and does not argue for equitable tolling. Instead, she argues that she "actually received the Notice on February 14, 2025 via email." ECF 22 at 1. While Plaintiff has established that the Howard County Office of Human Rights and Equity ("HCOHRE") forwarded her a copy of the Notice attached to its email on February 14, 2025, ECF 22-1, she has not adduced evidence contravening the evidence that she had received the same Notice when it was emailed to her on January 27, 2025.[2] In fact, in her Complaint, she admitted that she did receive it on January 27.[3]

Because the record is clear that Plaintiff received the notice on January 27, 2025, her claims are barred as untimely. DGIC's motion will be granted, and Plaintiff's Complaint will be dismissed with prejudice. This case will be closed.

Dated: December 10, 2025                                    /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge

---

[2] In addition to filing the January 27, 2025 email showing that it was sent to both Plaintiff and her counsel, ECF 20-4, DGIC filed the correspondence HCOHRE sent to the parties on February 14, 2025. ECF 23-1. HCOHRE's letter stated, "On January 27, 2025, the [EEOC] informed the [HCOHRE] that Complainant, Ms. Arielle Mbarga had requested a Notice of Right to Sue. The Notice of Right to Sue was issued on January 27 by the EEOC. Enclosed you will find a copy of the Notice. As a result, this matter was closed administratively on February 14, 2025." *Id.* The purpose of HCOHRE's correspondence was advise the parties that it also had administratively closed its investigation, not to transmit the EEOC's Notice in the first instance.

[3] "[W]here facts sufficient to rule on an affirmative defense"—here, timeliness—"are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).